UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-23664-ALTMAN

**CBS STUDIOS INC.**,

    *Plaintiff*,

v.

**THE INDIVIDUALS,
BUSINESS ENTITIES, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A**,"

    *Defendants.*
_____/

## ORDER STRIKING MOTION TO SET ASIDE DEFAULT

Our Plaintiff, CBS Studios, Inc., owns several trademarks associated with the "Star Trek" television series. *See* Amended Complaint [ECF No. 17] ¶ 5. CBS brought this trademark-infringement action against 48 different e-commerce storefronts that have been "advertising, offering for sale, and selling goods each bearing and/or using counterfeits and infringements of one or more of the Star Trek trademarks to consumers within the United States and this district[.]" *Id.* ¶ 25. Since none of these 48 defendants timely responded to the Amended Complaint, the Clerk entered a default against them on November 21, 2024. *See* Clerk's Default [ECF No. 35]. One of the Defendants, bahamoon.com, has now moved to set aside the Clerk's default for a variety of reasons. *See* Motion to Set Aside Default ("Motion") [ECF No. 41]. After careful review, we'll **STRIKE** this Motion, but we order the parties to conduct additional settlement negotiations.

### THE BACKGROUND

On December 4, 2024, "we received an email from 'Yuanlai Che,' who purports to represent Defendant 'bahamoon.com.'" Dec. 6, 2024, Paperless Order [ECF No. 42]. We filed this email on the docket and treated it as a motion to set aside the Clerk's default against bahamoon.com. *See ibid.* Che

argued that we should set aside the Clerk's default against bahamoon.com because: (1) "[t]he Defendant did not receive proper notice of the proceedings in this case"; (2) Che was "undergoing medical treatment for a heart condition and recently underwent surgery," which delayed bahamoon.com's ability to respond to the Amended Complaint; (3) bahamoon.com "removed" the allegedly infringing product from the website in 2023 and "there were no sales or commercial transactions involving the allegedly infringing product"; and (4) vacating the Clerk's default would not prejudice CBS since bahamoon.com "was shut down to prevent further issues, and the Defendant had no intent to infringe upon any copyrights." Motion at 1–2.

Two days after receiving this email/motion, we entered an Order requiring the parties to take additional actions. First, we ordered CBS to "file a Response to the Motion by December 13, 2024." Dec. 6, 2024, Paperless Order [ECF No. 42]. CBS complied. *See* Response in Opposition to Motion to Set Aside Clerk's Default ("Response") [ECF No. 45]. Second, we directed Che to "file a notice with the Court clarifying whether 'bahamoon.com' is owned by a business entity" –and, if it is, for Che to "retain counsel to represent bahamoon.com[.]" Dec. 6, 2024 Paperless Order [ECF No. 42]. We also warned Che that "we will strike any pleadings that are filed by a non-lawyer on bahamoon.com's behalf." *Ibid.* (citing *United States v. 2.50 Acres of Land*, 2002 WL 34543384, at *3 (S.D. Fla. Aug. 27, 2002) (Simonton, Mag. J.)). Finally, we told Che that all of bahamoon.com's future pleadings must be "mail[ed] or deliver[ed] . . . to the Clerk of Court," and that we "will not accept any future filings or submissions by email and will ignore any additional email communications from the Defendants from this point forward." *Ibid.* (citing S.D. FLA. L.R. 5.1(a)).

We received a "notice" from Che on December 26, 2024, which he titled a "Motion to Set Aside Default Judgment, Request for Plaintiff's Transaction Number, and Efforts Toward Settlement." Notice [ECF No. 50]. In his Notice, Che expressed his "willingness to make an appropriate settlement," asked us to order CBS to "provide the relevant transaction number or other

2

information to verify their claims," and reiterated his reasons for failing to respond to CBS's Amended Complaint. *See id.* at 1–2. But Che's Notice said nothing about who or what owns "bahamoon.com." *See generally ibid.*

**ANALYSIS**

Since the Eleventh Circuit has a "'strong policy of determining cases on their merits' when reasonably possible[,]" a clerk's default should be set aside upon a showing of "good cause." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1339 (11th Cir. 2014) (first quoting *Fla. Physician's Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993); and then citing FED. R. CIV. P. 55(c)). Although "good cause" is "a mutable standard" and "not susceptible to a precise formula," the Eleventh Circuit has instructed district courts to consider "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996).

Che has certainly attempted to meet the "good cause" standard. He asserts that bahamoon.com's default was not willful because Che "has been undergoing medical treatment for a heart condition." Motion at 1. He alleges that CBS will not be prejudiced by reopening the case since "[t]he website has been permanently closed[.]" *Id.* at 2. And Che purports that bahamoon.com has a meritorious defense since "there were no sales or commercial transactions involving the allegedly infringing product." *Ibid.* Although CBS disputes each of these points, *see generally* Response at 5–7, it also identifies a more pressing issue: "The relationship between Che and the Defendant [bahamoon.com] is not defined or explained in the Motion or by supporting declarations or affidavit," *id.* at 4. This was an issue we flagged in our December 6, 2024, Order, when we directed Che to "file a notice with the Court clarifying whether 'bahamoon.com' is owned by a business entity (such as a corporation, LLC, or partnership)." [ECF No. 42]. Although Che filed a "Notice," and despite our explicit instruction that this Notice should include information about bahamoon.com's ownership,

3

the Notice says nothing about whether bahamoon.com is owned by a business entity or even what Che's relationship to bahamoon.com is. *See generally* Notice.

As CBS rightly observes, "there is no clear evidence that Che even has authority to represent the Defendant" since bahamoon.com could be "a business entity separate and apart from Che himself." Response at 4–5. Che was ordered to clarify this issue, *see* Dec. 6, 2024, Paperless Order [ECF No. 42], but he failed to do so, *see generally* Notice. Since Che hasn't shown that he can legally represent bahamoon.com—ignoring our December 6, 2024, Order in the process—we must **STRIKE** his pleadings as procedurally deficient. *See, e.g., Chanel, Inc. v. HandbagStore*, 2021 WL 3060329, at *5 (S.D. Fla. June 30, 2021) (Strauss, Mag. J.) ("In summary, considering the Motion's lack of conformance to rules that would further identify Filer Cai, the lack of anything in the record to affirm that Filer Cai is associated with the Subject Defendants, Plaintiff's efforts and subsequent inability to confirm Filer Cai's association with the Subject Defendants, and given that Filer Cai does not purport to be counsel for the Subject Defendants, I conclude that the Motion should be stricken from the record."), *report and recommendation adopted*, 2021 WL 3053396 (S.D. Fla. July 20, 2021) (Ruiz, J.).

While we could proceed to final default judgment proceedings against bahamoon.com, we decline to do so at this time. It appears to us that bahamoon.com, through Che, is receptive to renewed settlement negotiations with CBS. *See* Notice at 1 ("I have also expressed my willingness to make an appropriate settlement to demonstrate my intent to resolve the matter."). We believe that giving the parties additional time to negotiate could be fruitful for both parties. We'll therefore **ORDER** CBS and bahamoon.com to engage in additional settlement negotiations and to file a joint notice indicating the results of those negotiations by **January 24, 2025**. If the case does not settle, we'll give bahamoon.com **a final opportunity** to set aside the Clerk's default, but only if bahamoon.com is represented by an attorney or if Che shows that bahamoon.com is not owned by a business entity.

Accordingly, we hereby **ORDER and ADJUDGE** as follows:

1. Yuanlai Che's Motion to Set Aside Default [ECF No. 41] and Motion to Set Aside Default Judgment, Request for Plaintiff's Transaction Number, and Efforts Toward Settlement [ECF No. 50] are **STRICKEN**.

2. CBS and bahamoon.com shall participate in informal settlement negotiations and file a joint notice on the docket indicating the result of those negotiations by **January 24, 2025**.

3. If settlement negotiations fail, bahamoon.com may file a renewed motion to set aside the Clerk's default by **February 7, 2025**. But that motion must either: (1) be filed by an attorney licensed to practice in this Court; or (2) be filed by Che *only if he can demonstrate that bahamoon.com is not owned by a business entity*. No further opportunities to set aside the Clerk's default will be given.

4. Che and bahamoon.com are again reminded that all filings must be mailed to the Clerk of the Court for docketing in accordance with S.D. FLA. L.R. 5.1(a). The Court will disregard any attempts to communicate by email.

5. The Plaintiff is **ORDERED** to serve a copy of this Order on Yuanlai Che and bahamoon.com forthwith.

**DONE AND ORDERED** in the Southern District of Florida on December 31, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record